1   JOHN H. COTTON, ESQ.
    Nevada Bar No. 5268
2   E-mail: jhcotton@jhcottonlaw.com
    MELANIE CHAPMAN, ESQ.
3   Nevada Bar No. 6223
    E-mail: mchapman@jhcottonlaw.com
4   JOHN H. COTTON & ASSOCIATES, LTD.
    7900 W. Sahara Avenue, Suite 200
5   Las Vegas, Nevada 89117
    Telephone:  (702) 832-5909
6   Facsimile:  (702) 832-5910

7   Joseph Duffy, Bar No. 241854
    jduffy@morganlewis.com
8   Meghan Lynn Phillips, Bar No. 272095
    meghan.phillips@morganlewis.com
9   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
10  Twenty-Second Floor
    Los Angeles, California  90071-3132
11  Tel:   (213) 612-2500
    Fax:   (213) 612-2501
12
    *Attorneys for Defendant*
13  *CONNECT AMERICA.COM, LLC*

14

15                    UNITED STATES DISTRICT COURT

16                        DISTRICT OF NEVADA

17

18  MICHAEL R. YAZDI, individually and on
    behalf of all persons similarly situated,
19                                                  Case No.
            Plaintiff,
20
            vs.
21
    CONNECT AMERICA.COM, LLC, a
22  Delaware limited liability company dba          **NOTICE OF REMOVAL**
    MEDICAL ALARM; DOES I through X,
23  inclusive; and ROE CORPORATIONS I
    through X, inclusive,
24
            Defendants.
25

26  TO PLAINTIFF, HIS COUNSEL OF RECORD, AND THE CLERK OF THE ABOVE-

27  ENTITLED COURT:

28          PLEASE TAKE NOTICE THAT pursuant 28 U.S.C. §§ 1331, 1441 and 1446, Defendant

1  Connect America.Com, LLC d/b/a Medical Alarm ("Defendant") hereby removes the above-

2  referenced action filed by Plaintiff Michael R. Yazdi ("Plaintiff") from the District Court, Clark

3  County, Nevada, to the United States District Court for District of Nevada, and in support of this

4  removal states as follows:

5  **I.**   **PROCEDURAL HISTORY**

6        On or about July 2, 2015, Plaintiff filed a complaint in the District Court, Clark County,

7  Nevada (the "State Court") entitled *Michael Yazdi v. Connect America d/b/a Medical ALarm, et*

8  *al.,* State Court case no. A-15-720869-CXV. True and correct copies of: (1) the state-court

9  docket and state court case file in case A-15-720869-CXV, and (2) the complaint served on

10  Defendant are attached hereto as **Exhibits 1** and **2**, respectively. The complaint asserts one

11  federal and one state-law cause of action against Defendant. Plaintiff asserts a federal cause of

12  action under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and a

13  state-law cause of action under the Nevada Deceptive Trade Practices Act, ("NVDTPA"), NRS

14  Chapter 598. (Exhibit 2 at ¶¶ 6; 40-52). Plaintiff also asserts a claim for Declaratory Relief.

15  (Exhibit 2 at ¶¶ 53-57).

16        Plaintiff claims to have served the original complaint on Defendant via Defendant's agent

17  for service of process on July 9, 2015.

18        No further proceedings have occurred in the State Court.

19        This Notice of Removal is being filed on Monday, August 10, 2015 and is timely under 28

20  U.S.C. §1446(b) and Federal Rule of Civil Procedure ("FRCP") 5-6. *Commercial Computer*

21  *Servs. v. Datapoint Corp.*, 641 F. Supp. 1579, 1581 (M.D. La. 1986) (thirty-day deadline is

22  extended per FRCP 6 when the deadline falls on a Saturday); *see also Student A. By & Through*

23  *Mother of Student A. v. Metcho*, 710 F. Supp. 267, 268-69 (N.D. Cal. 1989) ("Federal Rule of

24  Civil Procedure 6 governs computation of time for purposes of [the removal] statute.") (adding

25  three days to removal deadline for service by mail.).

26  **II.**   **BASIS FOR REMOVAL**

27      **A.**   **Timeliness, Venue and Notices**

28        This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty days

1  of Defendant's receipt of the complaint, plus extension of time under FRCP 6.  *Id.*

2          Venue lies in the United States District Court for the District of Nevada, pursuant to 28

3  U.S.C. § 1391(b) and 1441(a), because the complaint was filed in this District and this is the

4  judicial district in which the action arose.

5          A copy of the written notice required by 28 U.S.C. § 1446(d) to be directed to the State

6  Court is attached hereto as **Exhibit 3**.  Defendant will file and serve this notice on Plaintiff's

7  counsel after filing the notice of removal.

8          Defendant's time to answer the complaint has not expired.

9          Defendant's sign this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil

10  Procedure.

11      **B.**      **Federal Question Jurisdiction Exists Pursuant To 28 U.S.C. § 1331.**

12          A defendant may remove "any civil action brought in State court of which the district

13  courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A district court has

14  original subject matter jurisdiction in matters that "arise under the Constitution, laws, or treaties

15  of the United States" and therefore present a federal question. *See* 28 U.S.C. § 1331.

16          "The existence of federal question jurisdiction is ordinarily determined from the face of

17  the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209,

18  1211 (9th Cir. 1998).  Under the well-pled complaint rule, a defendant may remove a case if the

19  complaint establishes that the case "arises under" federal law. *See Franchise Tax Bd. v.*

20  *Construction Laborers Vacation Trust*, 463 U.S. 1, 10; 103 S. Ct. 2841, 2847-2848; 77 L. Ed. 2d

21  420, 431 (1983) (emphasis omitted) (superseded by statute on other grounds).  A case generally

22  "arises under" federal law when the complaint "establishes either that federal law creates the

23  cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

24  substantial question of federal law." *Id.* at 27-28.  Indeed, a single claim over which federal

25  question jurisdiction exists is sufficient for removal. *See Exxon Mobil Corp.*, 545 U.S. at 563.

26  Moreover, when a district court has original jurisdiction over claims arising under federal law, it

27  will also have supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(a);

28  *see also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164-166; 118 S. Ct.

1  523, 529-531; 139 L. Ed. 2d 525, 534-537 (1997).

2       Moreover, the U.S. Supreme Court has addressed whether federal courts retain federal

3  question jurisdiction over TCPA claims.  In *Mims v. Arrow Fin. Servs., LLC*, the Supreme Court

4  held that under 28 U.S.C. § 1331 federal courts have jurisdiction over TCPA claims brought by

5  private individuals.  *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881

6  (2012)

7       This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §

8  1331, and is one which may now be removed to this Court by Defendants pursuant to the

9  provisions of 28 U.S.C. § 1441(b), in that the complaint asserts a claim arising under a federal

10  law.  Specifically, the complaint's First Cause of Action is for Damages under the TCPA. (*See*

11  Exhibit 2 ¶¶ 6; 40-46).

12       To the extent the complaint states causes of action not based on federal question

13  jurisdiction, this Court has supplemental jurisdiction.  Those claims arise from the same set of

14  operative facts and are premised on the same alleged violations of Plaintiff's federal-law claim.

15  (*See* Exhibit 2 ¶¶ 6; 47-57).  Accordingly, Plaintiff's state-law claims are related to her federal

16  question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C.

17  §1367(a).

18  **III.    DISTRICT ASSIGNMENT**

19       The United States District Court for the District of Nevada has jurisdiction over this

20  Action, because this Action arises in the Clark County and is being removed from the District

21  Court, Clark County, Nevada.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       WHEREFORE, Defendant hereby removes the above-referenced action now pending in

2   the District Court for the County of Clark, Nevada, therefrom to this Court.

3

4   Dated: August 10, 2015             JOHN H. COTTON & ASSOCIATES, LTD.
                                       7900 W. Sahara Avenue, Ste. 200

5                                          Las Vegas, NV  89101

6                                        BY _____
                                     John H. Cotton

7                                        Melanie Bernstein Chapman, Esq.

8                                          -   and –

9                                       MORGAN, LEWIS & BOCKIUS LLP
                                     300 South Grand Avenue

10                                       Twenty-Second Floor
                                     Los Angeles, CA  90071-3132

11                                       Joseph Duffy *
                                     Meghan Lynn Phillips*

12                                       *Attorneys for Defendant*
                                     *CONNECT AMERICA.COM, LLC*

13

14                                       *pro hac vice pending*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an employee of JOHN H. COTTON & ASSOCIATES, LTD., hereby certifies that on the 10th day of August, 2015, she served a true and accurate copy of the foregoing NOTICE OF REMOVAL by depositing for mailing at Las Vegas, Nevada, in a sealed envelope with first class postage fully prepaid thereon, and addressed as follows:

> Scott A. Marquis, Esq.
> Marquis Aurbach Coffing
> 10001 Park Run Dr.
> Las Vegas, NV 89145

_____
An Employee of John H. Cotton & Associates